UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL BRANDON GARZA,

      Plaintiff,

v.                                   Case No. 6:22-cv-581-MAP

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by (1) violating Plaintiff's due process rights in failing to proffer the vocational expert's (VE) post-hearing interrogatories to Plaintiff and his representative to allow for cross-examination, and (2) failing to properly consider the medical opinion of Karen Marrero, M.D.  As the ALJ's decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

*I.*    *Background*

Plaintiff, who was born in 1976, claimed disability beginning December 30,

---

[1]  The parties have consented to my jurisdiction.  *See* 28 U.S.C. § 636(c).

2010 (Tr. 15, 425).  He was 34 years old on the alleged onset date.  Plaintiff attended college for one year, and his past relevant work experience included work as a security guard, a chief guard, a military police officer, and a composite job as a bodyguard and bouncer (Tr. 84-85, 442).  Plaintiff alleged disability due to depression and anxiety (Tr. 441).

Given his alleged disability, Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 15).  The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 270-320, 325-81).  Plaintiff then requested an administrative hearing (Tr. 382-83).  Per Plaintiff's request, the ALJ held a telephonic hearing at which Plaintiff appeared and testified (Tr. 35-88).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-34).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2018, and had not engaged in substantial gainful activity since December 30, 2010, the alleged onset date (Tr. 17).  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: major depressive disorder, recurrent, moderate; unspecified anxiety disorder; and post-traumatic stress disorder (PTSD) (Tr. 17).  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18).  The ALJ then concluded that Plaintiff retained a residual

functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: could understand, remember, and carry out simple and routine tasks, with few, if any workplace changes; could attend and concentrate for periods of up to two hours at a time; and was limited to no contact with the public and only occasional interaction with coworkers and supervisors (Tr. 20).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21).

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform his past relevant work (Tr. 27-28).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a kitchen helper, a floor waxer, and a vegetable harvest worker (Tr. 28-29, 85-87). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 29-30).  Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 412-13).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.      *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age,

education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision.  *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were

applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

III.   *Discussion*

Plaintiff's argument is two-fold.  First, Plaintiff argues that the ALJ violated Plaintiff's due process rights by failing to proffer the VE's post-hearing interrogatories to him and his representative.  Second, Plaintiff argues that the ALJ failed to apply the correct legal standard to the opinion of Dr. Marrero.  As I find the second issue dispositive, I will not address the first issue, except to instruct that, if the ALJ issues interrogatories to a VE upon remand, the ALJ shall provide the interrogatories and the VE's responses to Plaintiff and his representative in accordance with the procedures outlined in the SSA's Hearings, Appeals, and Litigation Law Manual.

A.   *Legal Standard*

Under the regulations, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Rather, in assessing a medical opinion, an ALJ considers a variety of factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization.  20 C.F.R. §§ 404.1520c(c)(1)-(4), 416.920c(1)-(4).  The primary factors an ALJ will consider when evaluating the persuasiveness of a medical opinion are supportability and consistency.  20 C.F.R. §§ 404.1520c(a) & (b)(2), 416.920c(a) & (b)(2).  Specifically,

the more a medical source presents objective medical evidence and supporting explanations to support the opinion, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Further, the more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive the medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Beyond supportability and consistency, an ALJ may also consider the medical source's specialization and the relationship the medical source maintains with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether the medical source examined the claimant, in addition to other factors. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), (4), & (5), 416.920c(c)(3)(i)-(v), (4) & (5). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other factors.[2] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

---

[2] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

B. *Dr. Marrero's Opinion*

At the request of the Division of Disability Determinations, Dr. Marrero conducted a consultative examination of Plaintiff in August 2020 to assist in determining Plaintiff's eligibility for disability benefits (Tr. 1005-10). Plaintiff presented to Dr. Marrero alleging disability due to depression and anxiety and denied experiencing physical limitations (Tr. 1005). Plaintiff indicated that he had been Baker Acted in the 1990s, experienced psychiatric symptoms since 2009-2010, was currently under the care of a counselor and psychiatrist, claimed to feel more homicidal than suicidal currently, and did not receive medication for depression or anxiety because he believed that the medication would be addictive and cause serious side effects and that his issues primarily stemmed from his circumstances (Tr. 1005). According to Dr. Marrero, Plaintiff's prior records included a history of depression, anxiety, panic attacks, and bipolar disorder (Tr. 1005).

Per Dr. Marrero, Plaintiff appeared irritable throughout the evaluation (Tr. 1006). After evaluating Plaintiff, Dr. Marrero recommended a psychological evaluation for a more detailed analysis (Tr. 1007). Notwithstanding, Dr. Marrero opined that Plaintiff could bend, stand, walk, sit, carry, handle objects, hear, speak, write, and travel six to eight hours out of an eight-hour workday *with frequent breaks* (Tr. 1007). She further opined that Plaintiff could perform work-related mental activities six to eight hours out of an eight-hour workday (Tr. 1007).

C. *ALJ's Decision*

In the decision, the ALJ addressed Dr. Marrero's findings but did not evaluate

the consistency or supportability of Dr. Marrero's opinions, including Dr. Marrero's opinion that Plaintiff would require frequent breaks (Tr. 24-27).   Indeed, the Commissioner concedes that the ALJ erred by not complying with the regulations in evaluating Dr. Marrero's opinions but asserts that such error was harmless.  (Doc. 29, at 10-13).  During the administrative hearing, however, the VE testified that employers would only tolerate an employee being off task 10% of the day (Tr. 87).  Since the ALJ did not properly address Dr. Marrero's opinion that Plaintiff would need frequent breaks nor discuss how such limitation would affect Plaintiff's ability to perform work, especially as to whether Plaintiff's need for frequent breaks would cause him to remain off task for more than 10% of the day, remand is warranted.  On remand, therefore, the ALJ should employ the proper legal standards when addressing Dr. Marrero's opinion, and as indicated above, to the extent that the ALJ submits post-hearing interrogatories to a VE, the ALJ should provide a copy of the interrogatories and the VE's responses to Plaintiff and his representative.

*IV.   Conclusion*

For the foregoing reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.  Accordingly, after consideration, it is hereby

ORDERED:

1.    The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2.      The Clerk is directed to enter final judgment in favor of Plaintiff and close

the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of July, 2023.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


cc:     Counsel of Record