UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL BRANDON GARZA,

    Plaintiff,

v.                                                                                          Case No:   6:22-cv-581-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

---

ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 33)
>
> **FILED:** August 24, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.[2]

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge, and this case was reassigned to the undersigned on November 30, 2023. Doc. Nos. 21, 25–26, 28, 34.

[2] The Court notes that the motion was filed prematurely on August 24, 2023, given that the judgment was entered on July 26, 2023 and was not final at the time when the

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of applications for disability benefits. Doc. No. 1. On July 25, 2023, the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 31. Judgment was entered in favor of Plaintiff and against the Commissioner the following day. Doc. No. 32.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. No. 33. Plaintiff requests a total of $4,780.16 in attorney's fees under the EAJA, for 20.3 hours of work performed by her counsel in 2022 and 2023. *Id.* at 2, 7, 11–12. The Commissioner does not oppose the motion. *Id.* at 3.

Upon consideration, and absent any objection from the Commissioner, the Court finds the request for fees pursuant to the EAJA well taken. Accordingly, Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 33) is **GRANTED**, to

---

motion was filed. Doc. No. 33. *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal [the] 'final judgment' has expired."). However, the judgment has since become final given the absence of a timely appeal. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B). Accordingly, the Court may properly rule on the motion at this time. *See, e.g.*, *Inman v. Apfel,* No. 3:97-cv-1273-J-HTS, 2000 WL 1221858 (M.D. Fla. Jul. 14, 2000) (finding EAJA petition was filed prematurely before the time for appeal had expired, but deeming the petition timely filed because it was timely when the order granting EAJA fees was entered).

the extent that Plaintiff is awarded a total of $4,780.16 in attorney's fees under the EAJA.[3]

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Plaintiff's motion references an assignment of EAJA fees from Plaintiff to counsel. Doc. No. 33, at 2. *See also* Doc. No. 33-1. However, Plaintiff states only that "after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 33, at 2. The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.